JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**EDL**

## I. (a) PLAINTIFFS

PATRICK CONNALLY; and DREES

## DEFENDANTS

CHINA FIRST, INC.; GEORGE AND DOROTHY CHAN

**(b)** County of Residence of First Listed Plaintiff  Marin County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**ADR**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas E. Frankovich, APLC
2806 Van Ness Avenue, San Francisco, CA 94109
Tele: (415) 674-8600 Fax: (415) 674-9900

Attorneys (If Known)

E-filing

# ORIGINAL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Reqs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | [ ] 900 Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities — | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [X] 446 Amer. w/Disabilities — | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
August 14, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:   415/674-8600
4  Facsimile:   415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8

*E-filing*

*FILED*

AUG 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EDL*

9

10          UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12  PATRICK CONNALLY, an individual; and )    CASE NO.
    DISABILITY RIGHTS, ENFORCEMENT, )         Civil Rights **08      4073**
13  EDUCATION, SERVICES:HELPING YOU )
    HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF**
14  corporation,                            ) **AND DAMAGES:**
                                            )
15          Plaintiffs,                      ) **1st CAUSE OF ACTION:** For Denial of Access
                                            ) by a Public Accommodation in Violation of the
16  v.                                      ) Americans with Disabilities Act of 1990 (42
                                            ) U.S.C. §12101, *et seq.*)
17                                          )
    CHINA FIRST, INC., a California         ) **2nd CAUSE OF ACTION:** For Denial of Full
18  corporation; GEORGE and DOROTHY         ) and Equal Access in Violation of California
    CHAN, 1983 TRUST,                       ) Civil Code §§54, 54.1 and 54.3
19                                          )
            Defendants.                      ) **3rd CAUSE OF ACTION:** For Denial of
20  _____ ) Accessible Sanitary Facilities in Violation of
                                              California Health & Safety Code §19955, *et seq.*
21
                                              **4th CAUSE OF ACTION:** For Denial of
22                                            Access to Full and Equal Accommodations,
                                              Advantages, Facilities, Privileges and/or
23                                            Services in Violation of California Civil Code
                                              §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                            **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendants CHINA FIRST INC., a California corporation; GEORGE and DOROTHY CHAN,

5  1983 TRUST and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants' CHINA

10  FIRST restaurant, a place of public accommodation, thereby discriminatorily denying plaintiffs

11  and the class of other similarly situated persons with physical disabilities access to, the full and

12  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

13  and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff PATRICK CONNALLY  is a person with physical disabilities who, on or

17  about March 8, 2008, March 14, 2008, April 11, 2008, May 28, 2008, June 9, 2008 and

18   July 21, 2008, was an invitee, guest, patron, customer at defendants' CHINA FIRST, in the City

19  of San Francisco, California.  At said time and place, defendants failed to provide proper legal

20  access to the restaurant, which is a "public accommodation" and/or a "public facility" including,

21  but not limited to the entrance, men's restroom, women's restroom and food service counter.

22  The denial of access was in violation of both federal and California legal requirements, and

23  plaintiff PATRICK CONNALLY suffered violation of his civil rights to full and equal access,

24  and was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **JURISDICTION AND VENUE:**

2       3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq*., including §19959; Title 24 California Building Standards Code.

9       4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10  founded on the facts that the real property which is the subject of this action is located at/near

11  336 Clement Street, in the City and County of San Francisco, State of California, and that

12  plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14       5.     Plaintiff PATRICK CONNALLY is a "physically handicapped person", a

15  "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

16  "physically disabled", "physically handicapped" and "person with physical disabilities" are used

17  interchangeably, as these words have similar or identical common usage and legal meaning, but

18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21  PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

22  California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in

23  upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK

24  CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff

25  PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

26  the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

27  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

2 Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

3      6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

4 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

5 with persons with disabilities to empower them to be independent in American society. DREES

6 accomplishes its goals and purposes through education on disability issues, enforcement of the

7 rights of persons with disabilities, and the provision of services to persons with disabilities, the

8 general public, public agencies and the private business sector. DREES brings this action on

9 behalf of its members, many of whom are persons with physical disabilities and whom have

10 standing in their right to bring this action.

11      7.      That members of DREES, like plaintiff PATRICK CONNALLY, will or have

12 been guests and invitees at the subject CHINA FIRST, and that the interests of plaintiff DREES

13 in removing architectural barriers at the subject restaurant advance the purposes of DREES to

14 assure that all public accommodations, including the subject CHINA FIRST restaurant, are

15 accessible to independent use by mobility-impaired persons. The relief sought by plaintiff

16 DREES as alleged herein is purely statutory in nature.

17      8.      Defendants CHINA FIRST, INC., a California corporation; GEORGE and

18 DOROTHY CHAN, 1983 TRUST (hereinafter alternatively collectively referred to as

19 "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

20 lessors and/or lessees, of the public accommodation known as the CHINA FIRST restaurant,

21 located at/near 336 Clement Street, San Francisco, California, or of the building and/or buildings

22 which constitute said public accommodation.

23      9.      At all times relevant to this complaint, defendants CHINA FIRST, INC., a

24 California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, own and operate in

25 joint venture the subject CHINA FIRST as a public accommodation. This business is open to the

26 general public and conducts business therein. The business is a "public accommodation" or

27 "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

28 Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

10.     At all times relevant to this complaint, defendants CHINA FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST are jointly and severally responsible to identify and remove architectural barriers at the subject CHINA FIRST pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201    General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

11.     The CHINA FIRST, is a restaurant, located at/near 336 Clement Street, San Francisco, California. The CHINA FIRST, its entrance, men's restroom, women's restroom and food service counter and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the CHINA DRAGON and each of its facilities, its entrance, men's restroom, women's restroom and food service counter to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CHINA FIRST as being handicapped accessible and handicapped usable.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    14.    On or about March 8, 2008, March 14, 2008, April 11, 2008, May 28, 2008,

2    June 9, 2008 and July 21, 2008, plaintiff PATRICK CONNALLY was an invitee and guest at the

3    subject CHINA FIRST, for purposes of having food and beverage.

4    15.    On or about March 8, 2008, or the week thereof, plaintiff PATRICK

5    CONNALLY patronized the CHINA FIRST. Plaintiff PATRICK CONNALLY struggled to

6    open the front door stressing and straining himself in the process until a by passer on the street

7    opened the door for him. Plaintiff PATRICK CONNALLY had a meal. Plaintiff PATRICK

8    CONNALLY needed to use the restroom. It did not matter whether it was a men's restroom or

9    women's restroom, as long as it was accessible.

10    16.    At said time and place, plaintiff PATRICK CONNALLY attempted to use the

11    men's restroom. Plaintiff stressed and strained himself while trying to circumvent round tables

12    stacked on their sides in the hallway, which served to partially block access into the men's

13    restroom. Plaintiff PATRICK CONNALLY was unable to use the restroom due to the lack of

14    grab bars and space.

15    17.    On or about March 12, 2008, Plaintiff PATRICK CONNALLY wrote the landlord

16    and the tenant about the access issues. Plaintiff PATRICK CONNALLY never received a

17    response.

18    18.    On or about March 14, 2008, plaintiff PATRICK CONNALLY returned to the

19    CHINA FIRST. On this occasion, plaintiff PATRICK CONNALLY was accompanied by his

20    service dog, "Kitty." "Kitty" is a Basset Hound. "Kitty" was wearing a service dog vest at the

21    time. It was plaintiff PATRICK CONNALLY intent to have table service. Plaintiff PATRICK

22    CONNALLY struggled with the door stressing and straining himself in the process until his

23    friend, "Ben" assisted him in opening the door. As plaintiff PATRICK CONNALLY entered the

24    restaurant, plaintiff PATRICK CONNALLY was told by a female employee, that "dogs" were

25    not allowed in the restaurant. As a result of this act, plaintiff PATRICK CONNALLY and his

26    service dog, "Kitty" was refused entry and food service solely because plaintiff PATRICK

27    CONNALLY, a person with a disability was accompanied by his service dog at the CHINA

28    FIRST restaurant.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendant by and through her agent, interfered with plaintiffs' use of his service dog by refusing
2   to allow plaintiff PATRICK CONNALLY accompanied by his service dog, "Kitty" entry into the
3   restaurant.

4        19.    Rather than cause a scene and argue, plaintiff PATRICK CONNALLY asked,
5   "Ben" to comply with the employee and take "Kitty" outside which, Ben did. Thereafter,
6   plaintiff PATRICK CONNALLY ordered his food to go and left. Before leaving, plaintiff
7   PATRICK CONNALLY tried to use the men's restroom but was unable to do so because tables
8   blocked his approach.

9        20.    Defendants', and each of them further discriminated against plaintiff PATRICK
10  CONNALLY because of his disability and use of a service dog, and interfered with such use by
11  not allowing plaintiff PATRICK CONNALLY entry in the accompaniment of his service dog
12  into the subject restaurant. Said discrimination was a violation of both California law including,
13  but not limited to, §§51, 51.5, 54, 54.1, 54.2 and a violation of Title III, § 302, the "Prohibition
14  of Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion"
15  provision of the Americans with Disabilities Act of 1990.

16       21.    On or about April 11, 2008, plaintiff PATRICK CONNALLY returned to CHINA
17  FIRST. Ben opened the door for plaintiff PATRICK CONNALLY. Plaintiff PATRICK
18  CONNALLY had his meal and needed to use the restroom. Plaintiff PATRICK CONNALLY
19  saw that tables were still in the hallway. For that reason, plaintiff PATRICK CONNALLY did
20  not attempt to use the restroom.

21       22.    On or about May 28, 2008, plaintiff PATRICK CONNALLY was again a patron
22  at CHINA FIRST. A passerby on the street opened the door for plaintiff PATRICK
23  CONNALLY. Plaintiff PATRICK CONNALLY wheeled to the service counter at the rear of the
24  restaurant which is adjacent to the men's restroom. Plaintiff PATRICK CONNALLY placed a
25  to-go order and saw that the men's restroom was still blocked by tables stacked against the wall.
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.     On or about June 9, 2008, plaintiff PATRICK CONNALLY patronized CHINA FIRST restaurant. Plaintiff PATRICK CONNALLY gained access when a person on the street opened the door for him. Plaintiff PATRICK CONNALLY placed a take out order and saw that there was still no access to the men's restroom. There were still large round tables stacked against the wall.

24.     On or about July 21, 2008, plaintiff PATRICK CONNALLY once again patronized CHINA FIRST, and plaintiff PATRICK CONNALLY encountered all the same barriers as stated on all previous visits.

25.     At said times and place, plaintiff PATRICK CONNALLY also encountered a food service counter (a cash register, take-out food and menu corner), which was too high for plaintiff PATRICK CONNALLY to conduct business at.

26.     Therefore, at said time(s) and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject CHINA FIRST restaurant which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.     lack of an accessible entrance due to excessive door pressure;

    b.     lack of handicapped accessible registration food service counter;

    c.     lack of a handicapped-accessible women's public restroom;

    d.     lack of a handicapped-accessible men's public restroom;

    e.     lack of a policy to allow service animals into the restaurant; and

    f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

27.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

1    28.    On or about March 12, 2008, defendant(s) were sent two (2) letters by or on behalf

2  of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, requesting

3  a response within 14 days and requesting remedial measures be undertaken within 90 days or an

4  explanation of why the time limit set could not be met and/or extenuating circumstances. Said

5  letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

6  fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

7  an early and reasonable resolution of the matter.

8    29.    At all times stated herein, defendants, and each of them, did not act as reasonable

9  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

10  removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY

11  from receiving the same goods and services as able bodied people and some of which may and did

12  pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result

13  of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

14  bodily injury.

15    30.    As a legal result of defendants CHINA FIRST, INC., a California corporation;

16  GEORGE and DOROTHY CHAN, 1983 TRUST's failure to act as a reasonable and prudent

17  public accommodation in identifying, removing or creating architectural barriers, policies,

18  practices and procedures that denied access to plaintiffs and other persons with disabilities,

19  plaintiffs suffered the damages as alleged herein.

20    31.    As a further legal result of the actions and failure to act of defendants, and as a

21  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

22  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

23  PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with physical

24  disabilities to full and equal access to public facilities, and further suffered bodily injury on or

25  about March 8, 2008, or the week thereof, and March 14, 2008, including but not limited to,

26  fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,

27  over, around and through architectural barriers.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Specifically, as a legal result of defendants negligence in the design, construction and

2  maintenance of the existing entry and entry doors which created excessive door pressure and

3  circumventing round tables near the restroom(s), plaintiff suffered continuous, repetitive and

4  cumulative trauma to his upper extremities while attempting to open the door and pass by the

5  round tables.

6      32.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental

7  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

8  humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

9  associated with a person with physical disabilities being denied access, all to his damages as

10 prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

11 mental and emotional distress over and above that usually associated with the discrimination and

12 physical injuries claimed, and no expert testimony regarding this usual mental and emotional

13 distress will be presented at trial in support of the claim for damages.

14     33.    Defendants', and each of their, failure to remove the architectural barriers

15 complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said

16 public accommodation, and continues to create continuous and repeated exposure to substantially

17 the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as

18 stated herein.

19     34.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied

20 their rights to equal access to a public facility by defendants CHINA FIRST, INC., a California

21 corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, because defendants CHINA

22 FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST

23 maintained a restaurant without access for persons with physical disabilities to its facilities,

24 including but not limited to the entrance, men's restroom, women's restroom and food service

25 counter and other public areas as stated herein, and continue to the date of filing this complaint to

26 deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

27 ///

28 ///

1    35.    On information and belief, construction alterations carried out by defendants have
2  also triggered access requirements under both California law and the Americans with Disabilities
3  Act of 1990.

4    36.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the CHINA
5  FIRST to be made accessible to meet the requirements of both California law and the Americans
6  with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the
7  CHINA FIRST as a public facility.

8    37.    Plaintiffs seek damages for violation of their civil rights on March 8, 2008,
9  March 14, 2008, April 11, 2008, May 28, 2008, June 9, 2008 and July 21, 2008 and they seek
10 statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
11 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
12 determines was the date that some or all remedial work should have been completed under the
13 standard that the landlord and tenant had an ongoing duty to identify and remove architectural
14 barriers where it was readily achievable to do so, which deterred plaintiff PATRICK
15 CONNALLY  from returning to the subject public accommodation because of his  knowledge
16 and/or belief that neither some or all architectural barriers had been removed and that said
17 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

18    38.    On information and belief, defendants have been negligent in their affirmative duty
19 to identify the architectural barriers complained of herein and negligent in the removal of some or
20 all of said barriers.

21    39.    Because of defendants' violations, plaintiffs and other persons with physical
22 disabilities are unable to use public facilities such as those owned and operated by defendants on a
23 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
24 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
25 other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling
26 defendants to make the CHINA FIRST  accessible to persons with disabilities.

27 ///

28 ///

1      40.    On information and belief, defendants have intentionally undertaken to modify and

2  alter existing building(s), and have failed to make them comply with accessibility requirements

3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each

4  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit

5  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

6  out by defendants, and each of them, with a willful and conscious disregard for the rights and

7  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

9  defendants, and each of them, to other operators of other restaurants  and other public facilities,

10  and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

11      41.    Plaintiffs are informed and believe and therefore allege that defendants CHINA

12  FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, and

13  each of them, caused the subject building(s) which constitute the CHINA FIRST to be

14  constructed, altered and maintained in such a manner that persons with physical disabilities were

15  denied full and equal access to, within and throughout said building(s) of the CHINA FIRST and

16  were denied full and equal use of said public facilities. Furthermore, on information and belief,

17  defendants have continued to maintain and operate said restaurant and/or its building(s) in such

18  conditions up to the present time, despite actual and constructive notice to such defendants that

19  the configuration of CHINA FIRST and/or its building(s) is in violation of the civil rights of

20  persons with physical disabilities, such as plaintiff PATRICK CONNALLY, the membership of

21  plaintiff DREES and the disability community which DREES serves.  Such construction,

22  modification, ownership, operation, maintenance and practices of such public facilities are in

23  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

24  U.S.C. §12101, *et seq.*

25      42.    On personal knowledge, information and belief, the basis of defendants' actual and

26  constructive notice that the physical configuration of the facilities including, but not limited to,

27  architectural barriers constituting the CHINA FIRST and/or building(s) was in violation of the

28  civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  communications with invitees and guests, plaintiff PATRICK CONNALLY himself, owners of

2  other restaurants, hotels, motels and businesses, notices they obtained from governmental

3  agencies upon modification, improvement, or substantial repair of the subject premises and other

4  properties owned by these defendants, newspaper articles and trade publications regarding the

5  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

6  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

7  Defendants' failure, under state and federal law, to make the CHINA FIRST accessible is further

8  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated

9  persons with disabilities.  Despite being informed of such effect on plaintiff and other persons

10 with physical disabilities due to the lack of accessible facilities, defendants, and each of them,

11 knowingly and willfully refused to take any steps to rectify the situation and to provide full and

12 equal access for plaintiffs and other persons with physical disabilities to the CHINA FIRST.  Said

13 defendants, and each of them, have continued such practices, in conscious disregard for the rights

14 of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,

15 and continuing thereon.  Defendants had further actual knowledge of the architectural barriers

16 referred to herein by virtue of the demand letter addressed to the defendants and served

17 concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was

18 and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

19 conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

20 persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

21      43.    Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its

22 membership and the disability community which it serves, consisting of persons with disabilities,

23 would, could and will return to the subject public accommodation when it is made accessible to

24 persons with disabilities.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendants CHINA FIRST INC., a
California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

44.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 43 of this complaint.

45.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

46.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

47.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

48.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

49.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

50.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of CHINA FIRST pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

51.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

///

1    52.    On information and belief, construction work on, and modifications of, the subject

2  building(s) of CHINA FIRST occurred after the compliance date for the Americans with

3  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

4  the ADA.

5    53.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

6  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

8  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

9  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

10  returning to or making use of the public facilities complained of herein so long as the premises

11  and defendants' policies bar full and equal use by persons with physical disabilities.

12    54.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

13  disability to engage in a futile gesture if such person has actual notice that a person or

14  organization covered by this title does not intend to comply with its provisions."  Pursuant to this

15  section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or

16  about July 21, 2008, but on information and belief, alleges that defendants have continued to

17  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

18  access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

20  facilities readily accessible to and usable by individuals with disabilities to the extent required by

21  this title."

22    55.    Among the general prohibitions against discrimination were included in

23  §302(b)(1)(A)(i):

24        It shall be discriminatory to subject an individual or class of individuals on the basis
         of a disability or disabilities of such individual or class, directly, or through
25        contractual, licensing, or other arrangements, to a denial of the opportunity of the
         individual or class to participate in or benefit from the goods, services, facilities,
26        privileges, advantages, or accommodations of an entity.

27  ///

28  ///

COMPLAINT

1    56.    Plaintiff PATRICK CONNALLY alleges that changing the eligibility

2  requirements, policies, practices and procedure for entry to the restaurant and food service, basic

3  elements of life, by persons with disabilities and their companions as established by the

4  defendants can be simply modified to eliminate disparate and discriminatory treatment of persons

5  with disabilities by permitting persons with disabilities accompanied by a service dog into the

6  subject restaurant.

7    57.    The specific prohibition against retaliation and coercion is included in §503(b) and

8  the Remedies and Procedures in §503(c):

9        (b) Interference, Coercion, or Intimidation. - It shall be unlawful to
         coerce, intimidate, threaten, or interfere with any individual in the
10       exercise or enjoyment of, or on account of his or her having
         exercised or enjoyed, or on account of his or her having aided or
11       encouraged any other individual in the exercise or enjoyment of,
         any right granted or protected by this Act.

12
         (c) Remedies and Procedures. - The remedies and procedures
13       available under sections 107, 203, and 308 of this Act shall be
         available to aggrieved persons for violations of subsections (a) and
14       (b), with respect to Title I, Title II and Title III, respectively.

15    58.    Plaintiff cannot return to or make use of the public facilities complained of herein

16  for the purpose of entry and provision of food and beverage service so long as defendants continue

17  to apply eligibility criteria, policies, practices and procedures to screen out and refuse to allow

18  entry and food and beverage service to persons with disabilities accompanied by a service dog.

19    59.    Defendants' acts of refusing to allow plaintiff PATRICK CONNALLY

20  accompanied by his service dog entry to said restaurant was tantamount to interference, coercion

21  or intimidation pursuant to §503(b) (42 USC 12203):

22       It shall be unlawful to coerce, intimidate, threaten, or interfere with
         any individual in the exercise or enjoyment of, or on account of his
23       or her having encouraged any other individual in the exercise or
         enjoyment of, any right granted or protected by this Act.
24  ///

25  ///

26  ///

27  ///

28  ///

1      60.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

2  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

3  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

4  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

5  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

6  returning to or making use of the public facilities complained of herein so long as the premises

7  and defendants' policies bar full and equal use by persons with physical disabilities.

8      61.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

9  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

10  the Americans with Disabilities Act of 1990, including but not limited to an order granting

11  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

12  deemed to be the prevailing party.

13      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

14  **II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
15  (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
16  California public benefit corporation, and Against Defendants CHINA FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
17  (California Civil Code §§54, 54.1, 54.3, *et seq.)*

18      62.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

19  allegations contained in paragraphs 1 through 61 of this complaint.

20      63.    At all times relevant to this action, California Civil Code §54 has provided that

21  persons with physical disabilities are not to be discriminated against because of physical handicap

22  or disability.  This section provides that:

23          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
24          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
25  ///

26  ///

27  ///

28  ///

64.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

65.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

66.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' CHINA FIRST.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination,

2  in accordance with California Civil Code §54.3(a) for each day on which they visited or have been

3  deterred from visiting the CHINA FIRST because of their knowledge and belief that the CHINA

4  FIRST is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

5          Any person or persons, firm or corporation, who denies or interferes
        with admittance to or enjoyment of the public facilities as specified
6          in Sections 54 and 54.1 or otherwise interferes with the rights of an
        individual with a disability under Sections 54, 54.1 and 54.2 is
7          liable for each offense for the actual damages and any amount as
        may be determined by a jury, or the court sitting without a jury, up
8          to a maximum of three times the amount of actual damages but in
        no case less than . . .one thousand dollars ($1,000) and . . .
9          attorney's fees as may be determined by the court in addition
        thereto, suffered by any person denied any of the rights provided in
10        Sections 54, 54.1 and 54.2.

11         Civil Code §54.3(a)

12         67.    On or about , plaintiff PATRICK CONNALLY suffered violations of Civil Code

13  §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied access to the entrance, men's

14  restroom, women's restroom and food service counter and other public facilities as stated herein

15  at the CHINA FIRST and on the basis that plaintiff PATRICK CONNALLY was a person with

16  physical disabilities.

17         68.    As a result of the denial of equal access to defendants' facilities due to the acts and

18  omissions of defendants, and each of them, in owning, operating and maintaining these subject

19  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

20  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered

21  physical discomfort, bodily injury on or about or during the week of March 8, 2008, or the week

22  thereof, and March 14, 2008, including but not limited to, fatigue, stress, strain and pain in

23  wheeling and attempting to and/or transferring up, on, down, to, over, around and through

24  architectural barriers.  Specifically, as a legal result of defendants negligence in the design,

25  construction and maintenance of the existing entry and entry door and round tables placed to

26  block the men's restroom, plaintiff PATRICK CONNALLY  suffered continuous, repetitive and

27  cumulative trauma to his upper extremities while attempting to enter the subject restaurant and

28  circumvent the tables to the restroom(s).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1    69.    Further, plaintiff PATRICK CONNALLY suffered mental distress, mental

2 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3 disappointment and worry, all of which are expectedly and naturally associated with a denial of

4 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6 basis that plaintiffs are persons or an entity that represents persons with physical disabilities and

7 unable, because of the architectural barriers created and maintained by the defendants in violation

8 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9 other persons.

10    70.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

11 and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of

12 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

13 about March 8, 2008, March 14, 2008, April 11, 2008, May 28, 2008, June 9, 2008 and

14 July 21, 2008, and on a continuing basis since then, including statutory damages, a trebling of all

15 of actual damages, general and special damages available pursuant to §54.3 of the Civil Code

16 according to proof.

17    71.    As a result of defendants', and each of their, acts and omissions in this regard,

18 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

19 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

20 disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

21 the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

22 reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

23 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

24 to compel the defendants to make their facilities accessible to all members of the public with

25 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

26 the provisions of §1021.5 of the Code of Civil Procedure.

27 ///

28 ///

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
        **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4        California public benefit corporation and Against Defendants CHINA FIRST, INC., a
        California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
5        (Health & Safety Code §19955, *et seq.*)

6        72.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 71 of this complaint.

8        73.    Health & Safety Code §19955 provides in pertinent part:

9            The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
10            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code. For the purposes of this part
11            "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general
12            public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers. When sanitary
13            facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
14            the handicapped.

15        74.    Health & Safety Code §19956, which appears in the same chapter as §19955,

16  provides in pertinent part, "accommodations constructed in this state shall conform to the

17  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19  public accommodations constructed or altered after that date. On information and belief, portions

20  of the CHINA FIRST and/or of the building(s) were constructed and/or altered after July 1, 1970,

21  and substantial portions of the CHINA FIRST and/or the building(s) had alterations, structural

22  repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

23  requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et*

24  *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health

25  & Safety Code §19959.

26        75.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

27  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

28  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Regulations and these regulations must be complied with as to any alterations and/or

2  modifications of CHINA FIRST and/or the building(s) occurring after that date.  Construction

3  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

4  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

5  On information and belief, at the time of the construction and modification of said building, all

6  buildings and facilities covered were required to conform to each of the standards and

7  specifications described in the American Standards Association Specifications and/or those

8  contained in Title 24 of the California Building Standards Code.

9      76.   Restaurants such as the CHINA FIRST are "public accommodations or facilities"

10  within the meaning of Health & Safety Code §19955, *et seq.*

11      77.   As a result of the actions and failure to act of defendants, and as a result of the

12  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

13  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

14  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

15  public facilities.

16      78.   Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

17  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

18  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

19  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

20  and to take such action both in plaintiffs' own interests and in order to enforce an important right

21  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

22  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

23  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

24  and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and

25  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

26  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    79.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

2    them, to make the subject place of public accommodation readily accessible to and usable by

3    persons with disabilities.

4    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

5    **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
     **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6    **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET*
     *SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
7    (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
     ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
8    California public benefit corporation, and Against Defendants CHINA FIRST, INC., a
     California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
9    (Civil Code §51, 51.5)

10    80.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11    allegations contained in paragraphs 1 through 79 of this complaint.

12    81.    Defendants' actions and omissions and failure to act as a reasonable and prudent

13    public accommodation in identifying, removing and/or creating architectural barriers, policies,

14    practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

15    Unruh Act provides:

16    This section shall be known, and may be cited, as the Unruh
      Civil Rights Act.

17
      All persons within the jurisdiction of this state are free and
18    equal, and no matter what their sex, race, color, religion, ancestry,
      national origin, or **disability** are entitled to the full and equal
19    accommodations, advantages, facilities, privileges, or services in all
      business establishments of every kind whatsoever.

20
      This section shall not be construed to confer any right or
21    privilege on a person that is conditioned or limited by law or that is
      applicable alike to persons of every sex, color, race, religion,
22    ancestry, national origin, or **disability.**

23    Nothing in this section shall be construed to require any
      construction, alteration, repair, structural or otherwise, or
24    modification of any sort whatsoever, beyond that construction,
      alteration, repair, or modification that is otherwise required by other
25    provisions of law, to any new or existing establishment, facility,
      building, improvement, or any other structure . . . nor shall anything
26    in this section be construed to augment, restrict, or alter in any way
      the authority of the State Architect to require construction,
27    alteration, repair, or modifications that the State Architect otherwise
      possesses pursuant to other . . . laws.

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

3    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4    "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

5    failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6    failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7    defendants, and each of them.

8        82.    The acts and omissions of defendants stated herein are discriminatory in nature and

9    in violation of Civil Code §51.5:

10

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,

11

> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of

12

> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,

13

> suppliers, or customers.

14

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,

15

> limited liability company, or company.

16

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or

17

> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other

18

> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything

19

> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,

20

> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

21

22       83.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

23    accommodations, advantages, facilities, privileges and services in a business establishment, on the

24    basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

25    Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

26    right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

27    shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1  their above cause of action for violation of the Americans with Disabilities Act at §44, *et seq*., as
2  if repled herein.

3      84.    As a legal result of the violation of plaintiff PATRICK CONNALLY's  civil rights
4  as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages, bodily
5  injury on or about the week of March 8, 2008, and or about March 14, 2008, including, but not
6  limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on,
7  down, to, over, around and through architectural barriers.  Specifically, as a legal result of
8  defendants negligence in the design, construction and maintenance of the existing entry door and
9  round tables placed to block the men's restroom, plaintiff PATRICK CONNALLY  suffered
10  continuous, repetitive and cumulative trauma to his upper extremities while attempting to enter
11  the subject restaurant and circumvent the tables stacked in the hallway which blocked the
12  restroom(s).

13      85.    Further, plaintiff PATRICK CONNALLY suffered physical injury, emotional
14  distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and
15  costs).  Plaintiffs PATRICK CONNALLY and DREES are entitled to the rights and remedies of
16  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil
17  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs,
18  as is allowed by statute, according to proof if deemed to be the prevailing party.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **PRAYER:**

2      Plaintiffs pray that this court award damages and provide relief as follows:

3  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4       DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
5       ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
        California public benefit corporation, and Against Defendants CHINA FIRST, INC., a
6       California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
        (42 U.S.C. §12101, *et seq.*)
7
        1.      For injunctive relief, compelling defendants CHINA FIRST, INC., a California
8
   corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive, to make the CHINA
9
   FIRST, located at 336 Clement Street, San Francisco, California, readily accessible to and usable
10
   by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable
11
   modifications in policies, practice, eligibility criteria and procedures so as to afford full access to
12
   the goods, services, facilities, privileges, advantages and accommodations being offered.
13
        2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
14
   the prevailing party; and
15
        3.      For such other and further relief as the court may deem proper.
16
   **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
17        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
        AND 54.3, *ET SEO.***
18        (On Behalf of Plaintiffs PATRICK CONNALLY  and DISABILITY RIGHTS
        ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
19        California public benefit corporation, and Against Defendants CHINA FIRST, INC., a
        California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
20        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21        1.      For injunctive relief, compelling CHINA FIRST, INC., a California corporation;

22   GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive, to make the CHINA FIRST, located

23   at 336 Clement Street, San Francisco, California, readily accessible to and usable by individuals

24   with disabilities, per state law.

25        2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

26   each occasion on which plaintiffs were deterred from returning to the subject public

27   accommodation.

28   ///

1          3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2   if plaintiffs are deemed the prevailing party;

3          4.    Treble damages pursuant to Civil Code §54.3;

4          5.    For all costs of suit;

5          6.    Prejudgment interest pursuant to Civil Code §3291;

6          7.    Such other and further relief as the court may deem just and proper.

7   **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
8       **AND 54.3, *ET SEO.***
        (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants CHINA FIRST,
9       INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST,
        inclusive),
10      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11         1.    General and compensatory damages according to proof.

12  **IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
        SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
13      **§19955, *ET. SEO.***
        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
14      ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
        California public benefit corporation, and Against Defendants CHINA FIRST, INC., a
15      California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST , inclusive)
        (Health & Safety code §19955, *et seq.*)

16
17         1.    For injunctive relief, compelling CHINA FIRST, INC., a California corporation;

18  GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive, to make the CHINA FIRST, located

19  at 336 Clement Street, San Francisco, California, readily accessible to and usable by individuals

20  with disabilities, per state law.

           2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,
21
    alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;
22
23         3.    For all costs of suit;

24         4.    For prejudgment interest pursuant to Civil Code §3291;

           5.    Such other and further relief as the court may deem just and proper.
25
26  ///

27  ///

28  ///

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants CHINA FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants CHINA FIRST, INC., a California corporation; GEORGE and DOROTHY CHAN, 1983 TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff PATRICK CONNALLY according to proof.

Dated: _____8/14/08_____, 2008    THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____8/14/08_____, 2008    THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

Recycled    Stock # R DOA-10-B

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

March 12, 2008

Manager
China First Seafood Restaurant
336 Clement St.
San Francisco, CA 94118

Dear Manager of China First Seafood Restaurant:

I was in China First Seafood Restaurant recently. As I use a wheelchair, I had trouble using the men's restroom. There isn't enough room when the door swings in and there aren't any grab bars. Also, there were those big round tables in the hallway that block the wheelchair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to China First Seafood Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

March 12, 2008

Owner of Building
China First Seafood Restaurant
336 Clement St.
San Francisco, CA 94118

Dear Owner of Building for China First Seafood Restaurant:

I was in China First Seafood Restaurant recently. As I use a wheelchair, I had trouble using the men's restroom. There isn't enough room when the door swings in and there aren't any grab bars. Also, there were those big round tables in the hallway that block the wheelchair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to China First Seafood Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally